UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:13-cr-0250-TWP-MJD-1 |
| | ) | 1:16-cr-0081-MPB-MG-1 |
| TYLER HERB JENKINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 13, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 5, 2025. Defendant Jenkinson appeared in person with his appointed counsel Gwendolyn Beitz. The government appeared by Cristina Caraballo-Colón, Assistant United States Attorney. The U. S. Probation Office appeared by Officer Megan Durbin.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant of his rights and ensured he had a copy of the petition. Defendant previously waived his right to a preliminary hearing. (*See* Cause No. 1:13-cr-250, Dkt. 77).

2.     After being placed under oath, Defendant Jenkinson admitted violation numbers 1 and 2. [Docket Nos. 70 and 55.]

3.     The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |

On June 4, 2025, this officer attempted to make contact with Mr. Jenkinson at his reported hotel room. An unknown third party answered the door, noting he had moved into the room yesterday. Hotel management advised Mr. Jenkinson had not been seen since on or about May 30, 2025, and confirmed the room was provided to another patron. His current whereabouts are unknown.

On June 4, 2025, this officer spoke with Mr. Jenkinson's reported employer, who advised his last day with their company was May 22, 2025.

| | |
|---|---|
| 2 | **"The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense."** |

On June 4, 2025, it was confirmed Mr. Jenkinson is not residing at his reported residence, or working with his reported employer as outlined in the above allegations. He has not reported these changes within 72 hours as required by Indiana law. Law enforcement is currently reviewing this case for possible new criminal charges.

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade B violation.

2

       (b)     Defendant's criminal history category is IV.

       (c)     The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5.     The parties jointly recommended a sentence of 24 months' imprisonment with supervised release to follow (288 months for the 2013 case and 52 months for the 2016 case). Defendant requested placement at FCI Elkton or FCI Seagoville.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked in both above-captioned cause numbers, and that Defendant should be sentenced to:

- Cause No. 1:13-cr-0250: the custody of the Attorney General or her designee for a period of  24 months followed by 288 months of supervised release; and

- Cause No. 1:16-cr-0081: the custody of the Attorney General or her designee for a period of 24 months followed by 52 months of supervised release.

- The undersigned recommends that the above-listed incarceration and supervision terms run concurrently.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed

1.  You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2.  You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3.  You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4.  You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5.  You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6.  You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7.  You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8.  You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9.  You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1 - 13 are considered administrative in nature and will ensure the offender is supervised effectively in the community.

14. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

15. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

16. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

17. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

18. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

19. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

20. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

Justification: Conditions 14-20 are recommended to protect the community due to the nature of the offender's instant offense, as well as prior history of offenses, and to assist him in learning to control his urges to refrain from future criminal behavior.

21. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: Given the offender's impulse control issues while on supervision, this condition is necessary to hold him accountable for his actions, as well as to provide a protective measure to the community.

22. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: sexual disorder assessment, treatment, physiological testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

Justification: This condition will help ensure the offender is invested in his treatment, and success on supervision.

Defendant reviewed the foregoing conditions with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Magistrate Judge recommends placement at FCI Elkhart or FCI Seagoville. Defendant shall be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So RECOMMENDED.

Date: 02/17/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

7